Matthew D. Thayne (Bar No. 9424)
Jared L. Cherry (Bar No. 11534)
**PHILLIPS RYTHER & WINCHESTER LLC**
560 East 500 South, Suite 200
Salt Lake City, Utah 84102
Telephone: (801) 935-4935

Attorneys for Crazy ATV, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRAZY ATV, Inc., a Utah corporation, <br><br> Plaintiff, <br> v. <br><br> KEVIN MATTHEW PROBST, an individual; and VINYL ACCESS, LLC, a Georgia limited liability company, <br><br> Defendants. | **COMPLAINT AND JURY DEMAND** <br><br> Case No. 1:13-cv-00114 <br><br> Magistrate Judge Paul M. Warner |

### COMPLAINT

Plaintiff Crazy ATV, Inc. ("CATV" or "Plaintiff") hereby complains against defendants Kevin Matthew Probst ("Probst") and Vinyl Access, LLC ("Vinyl Access") (collectively, "Defendants"), and for its causes of action alleges as follows:

### PARTIES

1. CATV is a corporation organized and operating under the laws of the state of Utah.

2. Defendant Kevin Matthew Probst is an individual currently residing in Georgia.

3. Defendant Vinyl Access, LLC is a limited liability company organized under the laws of the State of Georgia and having a principal place of business in Columbus, Georgia.

4. Probst and/or Vinyl Access have conducted business under the name "Pro Vinyl."

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of Count I of this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has jurisdiction over Count I of this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

6. This Court has supplemental jurisdiction over the subject matter of Count II of this action under 28 U.S.C. § 1367.

7. Probst is subject to personal jurisdiction in this judicial district because he has purposefully directed activities at CATV within this judicial district that were intended to and did cause harm to CATV within this judicial district with the knowledge that such harm would be suffered in this judicial district.

8. Vinyl Access is subject to personal jurisdiction in this judicial district because it has purposefully directed activities at CATV within this judicial district that were intended to and did cause harm to CATV within this judicial district with the knowledge that such harm would be suffered in this judicial district.

9. Venue is proper in this Court under 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) because Probst and/or Vinyl Access conduct business in this Judicial District, and/or because a substantial part of the acts and/or events giving rise to this Complaint occurred in this judicial district.

## GENERAL ALLEGATIONS

10. CATV does business under the name "Wall Sayings Vinyl Lettering."

11. In connection with the name "Wall Sayings Vinyl Lettering," CATV sells home décor products, including decals, stencils, stickers, and the like, containing lettering and/or designs.

12. CATV sells home décor products on Amazon.com and other online retailers.

13. An example of a design included in products sold by CATV on Amazon.com is attached hereto as **Exhibit A** (the "CATV Birds on a Wire Design").

14. Another example of a design included in products sold by CATV on Amazon.com is attached hereto as **Exhibit B** (the "Family Like Branches Design").

15. CATV sold products comprising the CATV Birds on a Wire Design ("CATV Birds on a Wire Products") on Amazon.com from about May of 2012 until about January of 2013.

16. CATV first sold products comprising the CATV Family Like Branches Design ("CATV Family Like Branches Products") in about March of 2009.

17. CATV sold CATV Family Like Branches Products on Amazon.com from about April of 2009 until about January of 2013.

18. In about October of 2012, CATV became aware that products comprising a design at least substantially identical to the CATV Birds on a Wire Design ("Pro Vinyl Birds on a Wire Products") were being offered for sale on Amazon.com by an entity or individual doing business under the name "Pro Vinyl."

19. Upon information and belief, the design used on the Pro Vinyl Birds on a Wire Products was copied from the CATV Birds on a Wire Products.

20. Upon information and belief, Probst has conducted business as Pro Vinyl and has sold the Pro Vinyl Birds on a Wire Products on Amazon.com under the name Pro Vinyl.

21. Upon information and belief, Vinyl Access has conducted business as Pro Vinyl and has sold the Pro Vinyl Birds on a Wire Products on Amazon.com under the name Pro Vinyl.

22. Upon information and belief, Probst copied the design used in the Pro Vinyl Birds on a Wire Products directly from the CATV Birds on a Wire Products.

23. Upon information and belief, Vinyl Access copied the design used in the Pro Vinyl Birds on a Wire Products directly from the CATV Birds on a Wire Products.

24. In response to discovering the Pro Vinyl Birds on a Wire Products, CATV contacted Amazon.com to have these products removed from the Amazon.com website.

25. After the Pro Vinyl Birds on a Wire Products were removed from Amazon.com, on or about January 15, 2013, Probst filed a copyright application with the United States Copyright Office titled "Mac Decals, Brakemask."

26. The copyright application referenced in Paragraph 24 above is now registered under U.S. Copyright Registration No. VA0001842803 (the "Copyright Registration").

27. After the Pro Vinyl Birds on a Wire Products were removed from Amazon.com, Probst sent an email to Mr. Brett Bunker of CATV in which Probst stated "If that is how you like to treat others then you can certainly expect to be treated the same."

28. The Copyright Registration lists as the copyright claimant and claimed author as Kevin Matthew Probst.

29. A true and correct copy of the materials filed in the Copyright Registration is attached hereto as **Exhibit C**.

30. Many of the works included with the Copyright Registration incorporate famous trademarks owned by third parties.

31. After the Pro Vinyl Birds on a Wire Products were removed from Amazon.com, and after Probst had filed for the Copyright Registration, Probst filed a first complaint with Amazon.com for alleged copyright violations by CATV (the "First Probst Copyright Complaint").

32. On information and belief, the First Probst Copyright Complaint cited the Copyright Registration and sought to have CATV's CATV Birds on a Wire Products removed from Amazon.com.

33. After the Pro Vinyl Birds on a Wire Products were removed from Amazon.com, and after Probst had filed for the Copyright Registration, Probst filed a second complaint with

Amazon.com for alleged copyright violations by CATV (the "Second Probst Copyright Complaint").

34. On or about January 22, 2013, Mr. Bunker received an email from Amazon.com notifying CATV that the CATV Birds on a Wire Products were being removed from the Amazon.com website due to an allegation of intellectual property infringement by Kevin Probst.

35. As a direct and proximate cause of Probst's filing of the First Probst Copyright Complaint, Amazon.com removed the CATV Birds on a Wire Products from its website.

36. As a direct and proximate cause of Probst's filing of the First Probst Copyright Complaint, CATV has lost sales that would have otherwise taken place on the Amazon.com website.

37. On or about January 24, 2013, Mr. Bunker received a second email from Amazon.com notifying CATV that the CATV Family Like Branches Products were being removed from the Amazon.com website due to an allegation of intellectual property infringement by Kevin Matthew Probst.

38. As a direct and proximate cause of Probst's filing of the Second Probst Copyright Complaint, Amazon.com removed the CATV Family Like Branches Products from its website.

39. As a direct and proximate cause of Probst's filing of the Second Probst Copyright Complaint, CATV has lost sales that would have otherwise taken place on the Amazon.com website.

40. The first email Mr. Bunker received from Amazon.com indicates that Probst made allegations that the CATV Birds on a Wire Products infringed Probst's intellectual property rights.

41. The second email Mr. Bunker received from Amazon.com indicates that Probst made allegations that the CATV Family Like Branches Products infringed Probst's intellectual property rights.

42. In subsequent correspondence between Probst and Mr. Bunker, Probst cited the Copyright Registration and accused CATV of infringing the Copyright Registration.

43. The Copyright Registration includes a design at least substantially identical to CATV's CATV Birds on a Wire Design. A true and correct copy of an image of this design from the Copyright Registration is attached hereto as **Exhibit D**.

44. After creating the CATV Birds on a Wire Design, an employee of CATV took a photograph of the design for use in an online product listing. A true and correct copy of this photograph is attached hereto as **Exhibit E**.

45. The image of the design included with the Copyright Registration shown in **Exhibit D** bears indicia of copying and, upon information and belief, was copied directly from the photograph shown in **Exhibit E**.

46. The Copyright Registration includes a design at least substantially identical to CATV's CATV Family Like Branches Design. A true and correct copy of an image of this design from the Copyright Registration is attached hereto as **Exhibit F**.

47. The CATV Family Like Branches Design was created at least as early as 2009.

48. The Copyright Registration alleges a date of creation in 2010.

49. Upon information and belief, the design included with the Copyright Registration shown in **Exhibit F** was copied directly from CATV's original Family Like Branches Design.

50. On or about April 18, 2013, CATV wrote a letter to Probst and requested that he retract the allegations set forth in the First and Second Probst Copyright Complaints to Amazon.com and that he stop selling the Pro Vinyl Birds on a Wire Products.

51. Probst responded to the aforementioned letter by saying "We will do no such thing."

52. CATV responded to Probst by inquiring as to whether Probst had any evidence or any other substantive response to the April 18 letter.

53. In a final response to the inquiries referenced in Paragraph 51, Probst stated: "We will provide you with nothing."

### FIRST CLAIM FOR RELIEF
**(Against Probst for Declaratory Relief of Copyright Invalidity)**

54. CATV hereby incorporates the allegations in paragraphs 1 through 53 above as though fully set forth herein.

55. Probst's acts, conduct, and statements imply that Probst believes that the Copyright Registration is valid and enforceable.

56. The Copyright Registration lists "Kevin Matthew Probst" as the author and claimant of the copyright.

57. Probst is not a true and correct author of at least the work included with the Copyright Registration that is shown in **Exhibit C**.

58. Probst is not a true and correct author of at least the work included with the Copyright Registration that is shown in **Exhibit F**.

59. Probst falsely represented to the Copyright Office that he created the work shown in **Exhibit C**.

60. Probst failed to notify the Copyright Office that he did not create the work shown in **Exhibit C**.

61. Probst falsely represented to the Copyright Office that he created the work shown in **Exhibit F**.

62. Probst failed to notify the Copyright Office that he did not create the work shown in **Exhibit F**.

63. Upon information and belief, Probst is not a true and correct author of other works included with the Copyright Registration.

64. Probst's failure to notify the Copyright Office of the origin of the works shown in **Exhibit C** and **Exhibit F**, and his false representations to the Copyright Office that he was the author of these works, were material in that the Copyright Office would not have issued the Copyright Registration had it been informed that Probst did not create the works shown in **Exhibit C** and **Exhibit F**.

65. Upon information and belief, Probst knowingly and willfully misrepresented information to the Copyright Office and/or omitted information from the Copyright Office with the intent to defraud the Copyright Office in his application that gave rise to the Copyright Registration.

66. CATV has suffered prejudice and has been damaged as a result of Probst's fraudulent acquisition of the Copyright Registration in an amount to be proven at trial.

67. As a result of Probst's fraud on the Copyright Office, CATV is entitled to recover its reasonable attorneys' fees, expenses, and costs incurred in this action.

### SECOND CLAIM FOR RELIEF
(Against Probst and Vinyl Access for Tortious Interference with Economic Relations)

68. CATV hereby incorporates the allegations in paragraphs 1 through 67 above as though fully set forth herein.

69. Probst and/or Vinyl Access intentionally interfered with CATV's existing economic and business relations with Amazon.com.

70. Probst and/or Vinyl Access also intentionally interfered with CATV's existing and prospective economic and business relations with customers of Amazon.com who purchase CATV's products via Amazon.com.

71. Upon information and belief, Probst and/or Vinyl Access had an improper purpose in willfully and deliberately interfering with CATV's economic relations with Amazon.com and customers of Amazon.com who purchase CATV's products via Amazon.com.

72. Upon information and belief, the predominant purpose of Probst and/or Vinyl Access in filing the First Probst Copyright Complaint and in filing the Second Probst Copyright Complaint was to injure CATV and/or its principals.

73. Probst and/or Vinyl Access used improper means, namely, a fraudulently-obtained copyright registration, in willfully and deliberately interfering with CATV's economic relations with Amazon.com.

74. The means of interference used by Probst and/or Vinyl Access was contrary to common law and violates the dictates of the Copyright Act, 17 U.S.C. § 101 *et seq*.

75. Upon information and belief, the actions of Probst and/or Vinyl Access referenced above were made in bad faith and with the willful and malicious intent to harm CATV.

76. As a direct and proximate cause of the actions of Probst and/or Vinyl Access referenced above, CATV has suffered economic damage in an amount to be proven at trial.

77. CATV is entitled to an order requiring Probst and Vinyl Access to pay CATV damages caused by intentional and tortious interference with CATV's economic relations in amounts to be proven at trial.

78. Due to the egregious and malicious nature of Probst and Vinyl Access's actions, CATV is also entitled to an award of punitive and exemplary damages.

79. Due to the egregious and malicious nature of Probst and Vinyl Access's actions, CATV is also entitled to recover its reasonable attorneys' fees, expenses, and costs incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, CATV respectfully requests that this Court enter judgment and relief against Defendants Probst and Vinyl Access as follows:

1. On the first claim:

    A. Enter an order declaring U.S. Copyright Registration No. VA0001842803 to be invalid;

    B. Enter an order declaring that Probst committed fraud on the Copyright Office in obtaining the Copyright Registration;

    C. Enter an order for an award of general damages against Probst in an amount according to proof;

    D. Enter an order for an award against Probst for CATV's reasonable attorneys' fees, expenses, and costs incurred in this action; and

    E. For an award of such other and further relief as this Court deems just and proper.

2. On the second claim:

    A. Enter an order directing Probst and Vinyl Access to formally withdraw the complaint filed against CATV with Amazon.com;

    B. Enter an order directing Probst and Vinyl Access to file with this Court and serve on counsel for CATV a written report under oath setting forth in

detail the manner and form by which they have complied with the order requested in Paragraph 2.A above;

C. Enter an order for an award of general damages against Probst and Vinyl Access in an amount according to proof;

D. Enter an order finding Probst and Vinyl Access's interference with CATV's economic relations to be malicious and willful and awarding CATV punitive and/or exemplary damages;

E. Enter an order for an award against Probst and Vinyl Access for CATV's reasonable attorneys' fees, expenses, and costs incurred in this action; and

F. For an award of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure § 38(b), CATV demands a trial by jury for this action on all issues so triable.

DATED: August 9, 2013

By: /s/Matthew D. Thayne

Matthew D. Thayne
Jared L. Cherry
PHILLIPS RYTHER & WINCHESTER
Attorneys for Plaintiff
Crazy ATV, Inc.