IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CRAZY ATV, Inc.<br><br>        Plaintiff,<br><br>v.<br><br>KEVIN MATTHEW PROBST.<br><br>VINYL ACCESS, LLC,<br><br>        Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:13-cv-00114-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This copyright infringement matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket No. 18.)  Plaintiff is Crazy ATV, Inc.  Defendants are Kevin Matthew Probst and Vinyl Access, LLC.  The Clerk of Court previously entered a default certificate against Defendant Vinyl Access, LLC for failure to answer or otherwise respond to Plaintiff's complaint.  (Dkt. No. 14.)  The Court now considers Plaintiff's motion for leave to file a first amended complaint (Dkt. No. 11) and Plaintiff's motion for discovery to identify Doe Defendants (Dkt. No. 12).  For the reasons set forth below, the Court **GRANTS** both motions.

## II.     STANDARD OF REVIEW FOR MOTION TO AMEND COMPLAINT

A party may amend a pleading once as a matter of course within: (1) twenty-one days after serving the original pleading; or (2) twenty-one days after an opposing party serves a responsive

1

pleading.  Fed. R. Civ. P. 15(a)(1)(A)-(B).  Amendments made after the twenty-one day period are only permitted with the opposing party's consent or with the court's leave.  *Id.* 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.     ANALYSIS OF PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff filed its original complaint on August 9, 2013.  (Dkt. No. 2.)  On October 15, 2013, Defendant Probst filed his answer.  (Dkt. No. 10.)  On November 7, 2013, Plaintiff filed the present motion to amend its complaint.  (Dkt. No. 11.)[1]  Because Plaintiff did not move to amend within twenty-one days of Defendant Probst's answer, Plaintiff requires the Court's leave to amend the complaint.

Plaintiff seeks to amend "because of several recently-made allegations of infringement and related complaints of copyright infringement filed against" Plaintiff which Plaintiff "has good cause to believe have been made, either directly or indirectly, by Defendant" Probst and/or Defendant Vinyl Access, LLC.  (Dkt. No. 11 at 1-2.)  Because courts should freely give leave when justice so requires, and because the underlying facts relied upon by Plaintiff may be a proper subject of relief, this Court **GRANTS** Plaintiff's motion to amend its complaint under Fed. R. Civ. P. 15(a)(2).  (Dkt. No. 11.)

### IV.     STANDARD OF REVIEW FOR MOTION TO CONDUCT DISCOVERY

 "A party may not seek discovery from any source before the parties have conferred as required by Rule 26 (f), except . . . when authorized . . . by court order."  Fed. R. Civ. P.

---

[1] Defendants failed to respond to Plaintiff's motion, and the time to do so has expired.  *See* DUCivR 7-1(b)(3)(B) (giving party fourteen days after service to respond to a motion), *id.* 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

26(d)(1). A court may permit departure from normal discovery procedure if there is "a showing of good cause." *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing expedited discovery on finding that preservation of evidence constituted good cause). Good cause may be satisfied in cases involving "claims of unfair competition and infringement." *Arista Records LLC v. Does*, No. 2:07 cv 0971 TS, 2008 U.S. Dist. LEXIS 2393, at *3 (D. Utah Jan. 11, 2008) (quotation omitted) (allowing limited discovery on third party Internet Service Providers to ascertain identities of unknown defendants). Good cause also exists "where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties . . . ." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

## V.     ANALYSIS OF PLAINTIFF'S MOTION TO CONDUCT DISCOVERY

Plaintiff moves for an order authorizing it to conduct limited discovery necessary to identify Doe Defendants. (Dkt. No. 12.)[2] Plaintiff alleges that Doe Defendants have used fictitious names to make false copyright infringement allegations against Plaintiff. (*Id.* at 1.) Plaintiff believes that, due to the timing and circumstances of these allegations, the original Defendants, Kevin Probst and Vinyl Access, LLC, "may be directly or indirectly behind these actions . . . ." (*Id.* at 3.) Therefore, Plaintiff moves for authority to conduct limited discovery for a period of 120 days to identify and serve Doe Defendants. (*Id.* at 4.) Plaintiff also seeks an order "requiring the preservation of evidence related to [] Doe Defendants because many Internet service providers follow document retention policies pursuant to which personal identifying information that is unnecessary for their purposes is destroyed within relatively short periods after its collection." (*Id.* at 1-2.)

---

[2] Defendants failed to respond to Plaintiff's motion, and the time to do so has expired. *See* DUCivR 7-1(b)(3)(B), *id.* 7-1(d).

The Court finds that good cause sufficient to allow departure from regular discovery procedure has been shown due to Plaintiff's claims of unfair competition and infringement on intellectual property.  Also, there is a risk of physical evidence being destroyed without which it is unlikely that Plaintiff will be able to identify unknown Defendants.  Accordingly, this Court **GRANTS** Plaintiff's motion to conduct limited discovery to identify and serve Doe Defendants and to require the preservation of evidence.  (Dkt. No. 12.)

## VI. ORDERS

For the reasons discussed above, the Court issues the following **ORDERS**:

The Court **GRANTS** Plaintiff's motion to file an amended complaint.  (Dkt. No. 11.) Plaintiff must file its amended complaint with the Court in accordance with the filing requirements at DUCivR 5-1(b) and DUCivR 15-1.

The Court **GRANTS** Plaintiff's motion for authority to conduct limited discovery to identify and serve Doe Defendants and to require the preservation of evidence.  (Dkt. No. 12.)  Plaintiff must complete this discovery within 120 days from the issuance of this Order.

Dated this 16th day of January, 2014.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge