IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CRAZY ATV, Inc.<br><br>        Plaintiff,<br><br>v.<br><br>KEVIN MATTHEW PROBST, VINYL ACCESS, LLC,<br><br>        Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:13-cv-00114-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

I.      INTRODUCTION

This copyright infringement matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (Dkt. 18.) Plaintiff is Crazy ATV, Inc. Defendants are Kevin Matthew Probst and Vinyl Access, LLC. On October 14, 2014, the District Court set aside a default judgment that had been entered against Probst and Vinyl Access. The District Court expressed concerns about whether those defendants received proper notice of this lawsuit. (*See* Dkt. 40.) The District Court left intact a permanent injunction entered against Probst and Vinyl Access ordering those defendants to refrain from interfering with Plaintiff's business relationships. (Dkt. 24; *see* Dkt. 40.) This Court now considers four motions: (1) Plaintiff's motion to compel compliance with the permanent injunction (Dkt. 27.), (2) Defendant Probst's[1] motion to dismiss Plaintiffs'

---

[1] Mr. Probst attempts to seek relief on behalf of Vinyl Access in this motion, but as he has been repeatedly warned, he may not represent Vinyl Access. (*See* Dkt. 40.) Mr. Probst submits several motions purportedly on behalf of Vinyl Access. (*E.g.* Dkt. 46.) The Court does not consider these arguments as they relate to Vinyl access because Mr. Probst has not indicated he is authorized to file on the entity's behalf. *See* D.U. Civ. R. 83-1.3(c).

complaint (Dkt. 45.), (3) Defendant Probst's motion to set aside default judgment (Dkt. 46.), and (4) Plaintiff's motion for default judgment (Dkt. 50).

## II. PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH PERMANENT INJUNCTION

In July 2014 the District Court entered a permanent injunction[2] prohibiting Defendants and their agents or associates from "making any further complaints" to any resellers of Crazy ATV's ("Plaintiff" or "CATV") products, or contacting resellers in an effort to interfere with CATV's economic relations. (Dkt. 24.) The injunction also required Probst and Vinyl Access to "[f]ormally withdraw, in writing, all complaints filed against CATV with Amazon.com, Etsy.com, eBay.com, and any other reseller of Plaintiff's products to which a complaint has been submitted regarding CATV's account and/or products." (*Id.*)

Plaintiff filed the present motion[3] seeking contempt sanctions against Probst and an order to show cause requiring Probst to demonstrate he has complied with the permanent injunction order. (Dkt. 27.) Plaintiff argues that Probst should be found in civil or criminal contempt because, after the injunction issued, Probst threatened to harm Plaintiff's business, filed additional complaints, and failed to provide evidence that Probst withdrew prior complaints as ordered. (*Id.*; Dkt. 43.) Neither defendant responded to the motion to compel. "In a civil contempt proceeding, the complainant 'has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order.'" *Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000).

---

[2] This injunction is currently on appeal to the Tenth Circuit. (Dkt. 47–49.)

[3] Plaintiff later moved to supplement this motion with additional evidence. (Dkt. 42–43.) The Court granted the motion to supplement and considers the additional materials here. (Dkt. 56.)

Plaintiff alleges that after the permanent injunction entered, Plaintiff received several complaints in connection with items listed for sale on Amazon.com. Plaintiff asserts that while the complaints were ostensibly filed by several individuals, the names in the complaints are merely aliases Probst used to make complaints against Plaintiff in violation of the injunction. As proof that Probst submitted the complaints, Plaintiff points to similarities between the complaints filed and previous complaints linked to Probst. (Dkt. 27 at 6.) Plaintiff also refers to several antagonistic comments Probst made to Plaintiff. According to Plaintiff, Probst wrote an email indicating: "You are finished. You have made too many enemies. I have spoke [sic] to these enemies of yours and Im [sic] sure they will be the end all to all of your accounts." (Dkt. 27 at 3.) Probst wrote another message to Plaintiff criticizing its owner's decisions, adding, "I swear you will not recover from that. You will regret it forever. This is the end of our communication and your business." (*Id.*) While the Court does not condone Probst's behavior, these comments do not constitute the requisite clear and convincing evidence that Probst made the complaints described in Plaintiff's motion.[4] The first message indicates that individuals other than Probst are upset with Plaintiff. The second message conveys ill will, but does not even threaten additional complaints or other violations of the District Court's order. In short, there is not enough evidence to link the complaints to Probst, even if his words suggest he had a motive to make them.

Nonetheless, Plaintiff raises substantial questions about Probst's intention to comply with the permanent injunction. Probst has apparently not provided any indication that he has affirmatively withdrawn his prior complaints and Plaintiff asserts that Probst has ignored communications requesting evidence or some confirmation that Probst withdrew prior complaints. Also, it appears the permanent injunction does not set a hard deadline for Probst to

---

[4] Plaintiff's request for criminal contempt sanctions also fails because imposition of criminal contempt sanctions requires proof beyond a reasonable doubt. 95 F. Supp. 2d at 1255 n.7.

withdraw his prior complaints and provide documentation to counsel or the Court. Plaintiff suggests an order from the District Court might encourage Probst to promptly comply with the permanent injunction. This Court agrees.

Based on the foregoing, the Court **RECOMMENDS GRANTING IN PART** Plaintiff's motion to compel insofar as it seeks to compel Probst to comply with the permanent injunction. If the District Court adopts this report and recommendation, Probst shall certify to the Court that he has complied with all terms of the injunction within fourteen (14) days of adoption of this report and recommendation. Such certification must contain specific language indicating that Probst has formally withdrawn all complaints filed against Plaintiff with Amazon.com, Etsy.com, eBay.com, and any other reseller of Plaintiff's products.

This Court recommends **DENYING** without prejudice the remaining requests in Plaintiff's motion to compel. (Dkt. 27) If Plaintiff has concerns after Probst has made the certification described above, Plaintiff may renew its motion to reopen discovery for the purpose of identifying the individual(s) responsible for the complaints described in Plaintiff's motion.

### III. PROBST'S MOTION TO DISMISS OR QUASH SERVICE

Probst filed a motion arguing that this action should be dismissed, or in the alternative service should be quashed, because service upon Probst was effected on "the wrong individual at the wrong address . . ." (Dkt. 45.) As Plaintiff correctly argues, Probst waived this alleged defect in service by making a general appearance in the case. (Dkt. 53.)

Probst filed an answer, and did not raise the issue of defective service at that time. (*See* Dkt. 10.) Accordingly, Plaintiff forfeited his argument regarding defective service. *See* Fed. R. Civ. P. 12(h). Moreover, when the District Court entered its order on Defendants' first motion to set aside default judgment the Clerk of Court mailed a copy of the Amended Complaint to Probst

at the address listed on Defendants' initial motion to set aside default judgment. The order makes it clear that the documents were sent to Probst in his individual capacity and as agent for Vinyl Access. (*See* Dkt. 40.)

Based on the foregoing, the Court **RECOMMENDS DENYING** Defendant Probst's motion to dismiss or in the alternative to quash service of process. (Dkt. 45.)

### IV.   PROBST'S MOTION TO SET ASIDE THE DEFAULT

Probst filed a motion to set aside default judgment on November 4, 2014. (Dkt. 46.) A review of the Docket indicates that the District Court's October 14, 2014 Order set aside the default judgment previously entered against Probst and Vinyl Access. (Dkt. 40.) The Docket does not reflect any default entered after that date. Accordingly, the Court **RECOMMENDS DENYING AS MOOT** Probst's motion to set aside default judgment. (Dkt. 46.)

### V.   PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On November 20, 2014, Plaintiff filed a motion seeking default judgment against Probst and Vinyl Access. (Dkt. 50.) Plaintiff asserts that both Probst and Vinyl Access failed to respond to the amended complaint. Probst opposes the motion for default judgment. (Dkt. 54.)

Plaintiff is mistaken about Probst. As discussed above, Probst responded to the amended complaint by filing a motion to dismiss. (*See* Dkt. 45.) This action alters the period for filing a responsive pleading. Fed. R. Civ. P. 12(a)(4). Accordingly, the Court **RECOMMENDS DENYING** Plaintiff's motion for default judgment against Probst because he filed his motion to dismiss, within the 28 days ordered.[5] (*See* Dkt. 45; Dkt. 40.)

---

[5] Nothing in this report and recommendation should be construed to excuse Probst from answering the amended complaint should the District Court adopt this report and recommendation, or otherwise deny Probst's motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4).

Vinyl Access, on the other hand, did not respond to the amended complaint. As stated above, Probst is not permitted to submit motions and pleadings on behalf of Vinyl Access. Other than Probst's motion to dismiss, no response to the amended complaint appears on the docket. Accordingly, Vinyl Access has not responded to the amended complaint. Nonetheless, Plaintiff did not first seek or obtain a default against Vinyl Access. Entry of default under Rule 55(a) is "a prerequisite for the entry of a default judgment under Rule 55(b)(1)." *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished). Thus, the Court **RECOMMENDS DENYING** without prejudice the motion for default judgment against Vinyl Access.

## VI.  RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** the District Court:

**GRANT IN PART** Plaintiff's motion to compel Probst to comply with the permanent injunction and for an order to show cause.  (Dkt. 27.)

**DENY** Defendant Probst's motion to dismiss or in the alternative to quash service of process. (Dkt. 45.)

**DENY AS MOOT** Defendant Probst's motion to set aside default judgment. (Dkt. 46.)

**DENY** without prejudice Plaintiff's motion for default judgment. (Dkt. 50.)

If the District Court adopts this report and recommendation, Probst shall take any action necessary to immediately comply with all terms of the permanent injunction. Additionally, Probst shall certify to the Court that he has complied with the injunction within **fourteen (14) days** of adoption of this report and recommendation. Such certification must contain specific language indicating that Probst has formally withdrawn all complaints filed against CATV with Amazon.com, Etsy.com, eBay.com, and any other reseller of Plaintiff's products.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 4th day of March, 2014.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge