IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CRAZY ATV, Inc.,<br><br>     Plaintiff,<br><br> v.<br><br>KEVIN MATTHEW PROBST, VINYL ACCESS, LLC,<br><br>     Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:13-CV-00114<br><br>Judge Robert J. Shelby |

  This case has been referred to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 626(b)(1)(B).  Plaintiff Crazy ATV (CATV) brought suit for declaratory relief of copyright invalidity and for tortious interference with economic relations.  (Dkt. Nos. 2, 21.)  On July 3, 2014, this court entered a default judgment against Defendants Kevin Probst and Vinyl Access, and ordered a permanent injunction on certain activities.  (Dkt. 24.)  The default judgment against both defendants was set aside on October 14, 2014.  (Dkt. 40.)  The permanent injunction, which remains in effect, was appealed to the 10th Circuit on November 4, 2014.  (Dkt. 47.)

  CATV moved to compel compliance with the permanent injunction, and a second time for default judgment.  (Dkt. Nos. 27, 50.)  Mr. Probst moved for the action to be dismissed, or, in the alternative, for service to be quashed, and for default judgment entered against him to be set aside.  (Dkt. Nos. 45, 46.)

  Judge Pead issued a Report & Recommendation on these four motions on March 4, 2015. (Dkt. 57.)  Judge Pead recommended the court grant, in part, the motion to compel, deny the

motion for default judgment, deny the motion to dismiss, and deny as moot the motion to set aside the prior default judgment.  Neither party submitted a formal objection to the Report & Recommendation within the allotted time frame.[1]  In the absence of an objection, the court may apply a "clearly erroneous" standard when reviewing a report and recommendation.  Under this standard, the court "will affirm the Magistrate Judge's ruling unless [the court] . . . is left with the definite and firm conviction that a mistake has been committed."[2]

After reviewing the briefing, record, and relevant legal authorities, the court concludes that Judge Pead did not err in his analysis.  The court ADOPTS the Recommendation, **GRANTS IN PART** Plaintiff's Motion to Compel, insofar as it seeks compliance by Mr. Probst with the injunction (Dkt. Nos. 27, 58), **DENIES** Defendant's Motion to Dismiss (Dkt. 45), **DENIES AS MOOT** Defendant's Motion to Set Aside Default Judgment (Dkt. 46), and finally, without prejudice, **DENIES** Plaintiff's Second Motion for Default Judgment.  (Dkt. 50.)

Mr. Probst remains bound to comply with the permanent injunction issued by this court.  (Dkt. 24.)  CATV has raised substantial questions about his ongoing compliance.  Accordingly, Mr. Probst is ordered to certify to the court that he has complied with the injunction within fourteen days of this order, with specific language indicating that he has withdrawn all complaints filed against CATV with Amazon.com, Etsy.com, eBay.com, and any other reseller of CATV's products.

The court further notes that nothing in this order excuses Mr. Probst or Vinyl Access from timely answering CATV's amended complaint.  (Dkt. 21); *see* Fed. R. Civ. P. 12(a)(4).

---

[1] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).  Though not styled as an objection, CATV supplemented its motion to compel within the fourteen-day timeframe.  (Dkt. 58.)  CATV had previously moved for leave to file the supplementary evidence, which Judge Pead granted.  (Dkt. Nos. 42, 56.)  The supplementary motion was attached as an exhibit to the motion for leave to file (Dkt. 42-1), and Judge Pead considered the additional evidence in his Report & Recommendation.  (Dkt. 56, p. 2 n.3.)  The court therefore does not construe the motion as an objection.

[2] *Thompson v. Astrue*, 2010 WL 1944779, at *1 (D. Utah May 11, 2010) (internal quotation marks and citations omitted).

SO ORDERED this 23rd day of March, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge