IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CRAZY ATV, Inc.,<br><br>     Plaintiff,<br><br> v.<br><br>KEVIN MATTHEW PROBST, VINYL ACCESS, LLC,<br><br>     Defendants. | **ORDER**<br><br>Case No. 1:13-CV-00114<br><br>Judge Robert J. Shelby |

This case has been referred to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 626(b)(1)(B).  The court now removes that referral, and, for the reasons stated below, reinstates its entry of default against Defendants.  (Dkt. 24.)

Plaintiff Crazy ATV (CATV) has sued for declaratory relief of copyright invalidity and for tortious interference with economic relations.  (Dkt. Nos. 2, 21.)  On July 3, 2014, this court entered a default against Defendants Kevin Probst and Vinyl Access, and entered a permanent injunction on certain activities.  (Dkt. 24.)  Defendants subsequently moved to set aside the default judgment, claiming a lack of notice of CATV's Amended Complaint and its Motion to Compel Defendant Probst to Comply with the Order and Permanent Injunction and for Order to Show Cause.  (Dkt. Nos. 26, 26-1.)

On October 14, 2014, this court granted the requested relief, and set aside its entry of default judgment.  (Dkt. 40.)  The court concluded that "Mr. Probst raised serious questions about the form and extent of notice in this case… [and] made a sufficient threshold showing that his mistaken understanding of the status of this case and his excusable neglect in failing to

respond to the Amended Complaint constitute exceptional circumstances for setting aside the judgment." (Dkt. 40, p. 3.)  The court likewise, "out of an abundance of caution," held that "Vinyl Access, LLC not only failed to understand that it could not be represented by Mr. Probst but also may not have received adequate notice."  *Id.*  This possible failure of notice or defect of service was the sole basis for setting aside the default judgment.

Neither Mr. Probst nor Vinyl Access has answered CATV's Amended Complaint.  (Dkt. 21.)  For several months, they were not obliged to do so, because a motion to dismiss filed by Defendants was pending before the court.  (Dkt. 45.)  The court, however, ruled on that motion in its Order dated March 23, 2015.  (Dkt. 61.)  The relationship between this ruling and the obligation to timely answer was unmistakable: the court specifically noted that "nothing in this order excuses Mr. Probst or Vinyl Access from timely answering CATV's amended complaint." *Id.*

Thus, as of March 23, 2015, Mr. Probst and Vinyl Access had 21 days to answer CATV's Amended Complaint.  The April 13, 2015 deadline has passed without a timely response from either Defendant.

Given the circumstances of this case and the manner in which it has progressed, this failure to respond is inexcusable.  The court provided Defendants extraordinary relief in setting aside its default judgment, relying upon representations from Defendants that there had been a failure of notice and that but for that failure they would have vigorously defended the claims against them.  (Dkt. 40, p. 3.)  Presently, there is no dispute that Mr. Probst and Vinyl Access have received adequate service and notice.  Defendants have provided no valid reason why they could not timely answer CATV's Amended Complaint.

Consequently, this court reinstates its original default against Mr. Probst and Vinyl Access. (Dkt. 24.) All pending motions, including Mr. Probst's motion for leave to proceed in forma pauperis (Dkt. 64), are terminated as moot. Any other pending relief requested by Mr. Probst or Vinyl Access is likewise denied. Mr. Probst remains bound to comply with the permanent injunction issued by this court, which has remained in effect since July 3, 2014. (Dkt. 24.)

The default judgment previously entered against Defendants is reinstated, and incorporated by reference into this Order. (Dkt. 24.)

SO ORDERED this 14th day of April, 2015.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge