IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CRAZY ATV, Inc.,<br><br>                        Plaintiff,<br><br>        v.<br><br>KEVIN MATTHEW PROBST, VINYL ACCESS, LLC,<br><br>                        Defendants. | **ORDER**<br><br>Case No. 1:13-CV-00114<br><br>Judge Robert J. Shelby |

On April 14, 2015, this court reinstated a default judgment previously entered against Defendants Kevin Probst and Vinyl Access, LLC.  (Dkt. 64.)  Mr. Probst now moves the court to set aside that default judgment for a second time.[1]  (Dkt. 67.)  For the reasons stated below, the court will not set aside the default judgment against Mr. Probst.[2]

The basis of the court's reentry of default judgment was Mr. Probst's failure to timely answer Plaintiff Crazy ATV (CATV)'s Amended Complaint.  (Dkt. 21.)  The court's Order explained the ruling in light of the procedural history of the case.  (Dkt. 64.)

---

[1] Mr. Probst did not properly file the motion with the Clerk of Court, and it does not conform with this court's local rules.  Instead, Mr. Probst sent this motion to this court's chambers.  Correspondence directed to chambers, whether in the form of an email or a mailing, is not a case filing.  *See* Fed. R. Civ. P. 5(d)(2)(B).  Though the court will agree to construe Mr. Probst's letter as a proper filing in this instance, the court will not do so with future mailings.  Mr. Probst is instructed to consult the Rules of Practice for the United States District Court for the District of Utah. (http://www.utd.uscourts.gov/forms/rules.pdf).  These materials and other guidance are available online. (http://www.utd.uscourts.gov).  Mr. Probst's emails and correspondence indicate that he is capable of accessing online materials.

[2] To the extent that Mr. Probst is seeking relief from the default judgment on behalf of Vinyl Access, that relief is also denied.  Mr. Probst cannot file motions on behalf of Vinyl Access because companies cannot proceed pro se, and Mr. Probst is not authorized to practice law.

The court may set aside a default judgment for "good cause," under Federal Rule of Civil Procedure 55(c), or may relieve a party from that judgment because of "mistake" or "any other reason that justifies relief," under Federal Rule of Civil Procedure 60(b).  *See* Dkt. 40, p. 3. "[T]he good cause required by Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)." *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005) (quoting *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir.1997)).  Accordingly, the court will look to the lesser standard of Rule 55(c).

Mr. Probst argues in his motion that he had, in fact, answered the Amended Complaint. (Dkt. 67, p. 1.)  To support this claim, he includes copies of documents he claims he had previously sent to chambers.  (Dkt. 67-1.)  He does not appear to include any new material, apart from mailing and shipment confirmations.[3]  Nor does he specify the document he believes operates as an answer.

The lack of specificity alone would likely provide an adequate basis to deny the motion. The court has nonetheless reviewed the documents attached to his motion (Dkt. 67-1), and concludes that none of the documents can fairly be construed as an answer to CATV's Amended Complaint.  This includes his "Answer" to CATV's Motion to Compel (Dkt. 58),[4] and duplicates of previously docketed memoranda opposing earlier motions for default judgment.  (Dkt. Nos. 45, 54.)

---

[3] For purposes of the record, the court has docketed miscellaneous correspondence from Mr. Probst previously received by the court.  (Dkt. Nos. 65-66.)  Mr. Probst's exhibit to his motion (Dkt. 67-1) is a combination of this correspondence, prior filings, and materials from his earlier appeal to the Tenth Circuit.

[4] The court was previously in receipt of this document.  (Dkt. 66, p. 2.)  CATV's Motion to Compel was denied. (Dkt. 61.)

The Tenth Circuit has instructed that a default resulting from "the defendant's culpable conduct" can, standing alone, provide a basis for refusing to set aside a default, and has elaborated that "[g]enerally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995). Though Mr. Probst's failure to provide a timely answer to the Amended Complaint may not be willful, it is without excuse, especially in view of the procedural history in this case.

Mr. Probst's earlier arguments about possible failures of service and notice are no longer applicable. *See* Dkt. Nos. 26, 64. No other excuse for his failure to answer appears on the record. Though prompt action to set aside a default may mitigate culpability, Mr. Probst still must offer a meritorious reason to set aside, and he has not done so. The court further notes that a defendant's bad faith, including "an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process,'" is relevant to assessing culpability. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092-93 (9th Cir. 2010); *see Combined Ins. Co. of Am. v. Glass*, No. 14-CV-01458-KMT, 2015 WL 996172, at *4 (D. Colo. Mar. 3, 2015).

Mr. Probst has not answered the Amended Complaint. Nor has he provided an adequate explanation for his failure to do so. There is no good cause to set aside the default judgment, and Defendant's Motion is therefore **DENIED**. (Dkt. 67.)

SO ORDERED this 1st day of May, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge