IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CRAZY ATV, Inc.,<br><br>     Plaintiff,<br><br> v.<br><br>KEVIN MATTHEW PROBST, VINYL ACCESS, LLC,<br><br>     Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:13-CV-00114<br><br>Judge Robert J. Shelby |

  This case has been referred to Magistrate Judge Dustin B. Pead under 28 U.S.C. § 626(b)(1)(B).

  Plaintiff Crazy ATV (CATV) asserted tort and copyright claims against Defendants Kevin Probst and Vinyl Access. (Dkt. Nos. 2, 21.) This court entered a permanent injunction against Mr. Probst and Vinyl Access (Dkt. 24), and a default judgment in favor of CATV on its claims. (Dkt. 64.) CATV has now filed a renewed motion to compel compliance with the court's permanent injunction and to sanction Mr. Probst for contempt. (Dkt. 69.)

  Judge Pead issued a Report & Recommendation on October 16, 2015 recommending the court deny the motion to compel as moot and that this court order Mr. Probst to show cause why he should not be held in contempt. (Dkt. 75.) Judge Pead also certified to this court findings of fact. *Id.*, pp. 9-12; *see* 28 U.S.C. § 636(e).

  Neither party timely objected to the Report & Recommendation. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). In the absence of an objection, the court may apply a "clearly erroneous" standard when reviewing a report and recommendation. Under this standard, the court "will

affirm the Magistrate Judge's ruling unless [the court] . . . is left with the definite and firm conviction that a mistake has been committed." *Thompson v. Astrue*, 2010 WL 1944779, at *1 (D. Utah May 11, 2010) (internal quotation marks and citations omitted).

After reviewing the briefing, record, and relevant legal authorities, the court concludes that Judge Pead did not err in his analysis, and hereby **ADOPTS** the Report and Recommendation. (Dkt. 75.) The court **GRANTS IN PART** CATV's Motion, and hereby **ORDERS** Mr. Probst to show cause why he should not be held in contempt of court. (Dkt. 69.) The court **DENIES AS MOOT** CATV's Motion to the extent it seeks to compel Mr. Probst's compliance with the permanent injunction. (Dkt. 69.)[1]

An evidentiary hearing on contempt will be held January 13, 2015.[2] Mr. Probst is required to appear at the hearing with competent evidence to rebut the evidence offered by CATV that Mr. Probst has failed to comply fully with this court's injunction Order. Mr. Probst is instructed that failure to appear at the hearing will result in the court holding him in civil contempt, subjecting him to sanctions, including monetary fines and other penalties as may be required to compel Mr. Probst's full compliance with the court's orders.

SO ORDERED this 17th day of November, 2015.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[1] As stated in previous orders, Mr. Probst remains bound to comply with the permanent injunction issued by this court. (Dkt. 24.)

[2] A separate notice of hearing will be docketed after the entry of this Order.